Thomas D. El, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 13, 1979, before Judges Crum-LISH, Jr., Rogers and Craig, sitting as a panel of three.

No appearance for petitioner.

*Linda M. Gunn*, Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 18, 1979:

Petitioner had been receiving general assistance from the Department of Public Welfare (DPW), a federally assisted program.

When petitioner's caseworker interviewed him for his six-month redetermination of eligibility for gener-

al assistance, petitioner refused to sign a DPW form which contained ethnic and citizenship data concerning himself. He also had failed to register with the Bureau of Employment Security for suitable work.

After due notice and a departmental hearing, DPW discontinued petitioner's assistance. He has appealed to this Court.

We preface our discussion with a summary of the pertinent state and federal regulations and statutes.

The United States Department of Justice has promulgated a regulation at 28 C.F.R. §42.106(b) which requires that recipients of federal money, including Pennsylvania's DPW, have available for the Department of Justice "racial and ethnic data showing the extent to which members of minority groups are beneficiaries of federally assisted programs."[1]

Section 432.2(c) of the Public Welfare Code (Code)[2] requires that DPW personnel periodically redetermine all elements of eligibility of any person receiving assistance. That section further specifies that "[t]he department shall require the completion of a continuing application form at the time of redetermination and the provisions of Section 432.15 shall be applicable to this subsection."[3]

---

[1] Section 601 of the Civil Rights Act of 1964, 42 U.S.C. §2000d, prohibits denial of benefits to any person involved in a federally assisted program on grounds of his race, color or national origin. Section 602 of the Civil Rights Act of 1964, 42 U.S.C. §2000d-1 grants each federal department or agency empowered to lend financial assistance to any such program to issue rules and regulations to effectuate the prohibition contained in Section 601.

[2] Act of June 13, 1967, P.L. 31, as amended, added by Section 5 of the Act of July 9, 1976, P.L. 993, 62 P.S. §432.2.

[3] Section 432.15 of the Code, added by Section 3 of the Act of July 9, 1976, P.L. 993, 62 P.S. §405.1, provides that:

(a) Every individual, within ten days after establishing eligibility for public assistance, as a condition of continuing eligibility for . . . general assistance, shall register

To implement the federal regulation and Section 432.2(c) of the Code simultaneously, DPW has a regulation at Pennsylvania Public Assistance Manual (PAM) §133.23(a)(iii) which requires a client, if seeking general assistance, to sign two specified forms at each interview to redetermine the client's eligibility; the redetermination interviews are to be held no less frequently than every six months. These forms contain ethnic and citizenship information on the client.[4]

Thus, a threshold requirement to petitioner's continuing eligibility to receive assistance is his signature on DPW's form which contains racial and citizenship data.

Petitioner states the issue as "whether or not Moorish-Americans must perjure themselves as a condition for receiving Public Assistance?," referring to Section 481 of the Code, 62 P.S. §481, which provides that any person who willfully misstates facts in applying for assistance is guilty of a misdemeanor. According to petitioner, the alternatives provided on the department's form for redetermination of eligibility are not sufficient to include his true citizenship and race.

The only evidence of citizenship and race we have before us is petitioner's self-characterization.

---

in accordance with regulations of the department for employment, training in manpower services, unless . . . [numerous exceptions, inapplicable to this case, follow.]

Subsection (d) of that statute declares any person to be ineligible for general assistance who willfully fails to register as required by subsection (a).

[4] To implement Section 432.15 of the Code, the department has promulgated a regulation at §165.23(a) of the Pennsylvania Public Assistance Manual (PAM), 55 Pa. Code §165.23(a), which requires every individual, as a condition of continued eligibility for assistance, to register at the Bureau of Employment Security (BES) within ten days after eligibility has been established and assistance authorized, subject to numerous exceptions inapplicable in this case.

During the departmental hearing, he characterized himself as a citizen of the western hemisphere. However, in his brief, he now refers to himself as a "citizen of the U.S.A." Moreover, in the hearing, he acknowledged having been born in the United States. Because he thus acknowledges U.S. citizenship, he can check that category, which does appear on the form.

As to race, petitioner, at the hearing, referred to his race as "human." In his brief, he now tells us that his race is "Asiatic." The form gives only the alternatives of "Black," "Spanish American," "American Indian," "Oriental," "White," and "Other." Relying on his self-assessment, he could check the category listed as "Other."

Because we conclude that petitioner can, according to his expressed views, sign DPW's form without "perjuring" himself under Section 481 of the Code, there is no question of validity or constitutionality before us.

The order is affirmed.

ORDER

AND Now, this 18th day of October, 1979, the order of the Commonwealth of Pennsylvania, Department of Public Welfare, dated October 13, 1977, at No. 1178 447D, is hereby affirmed.

